

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. T. Pribble
County Attorney, Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. O-6419
Re: Under the given facts does
the tract of land deeded to
the trustees of a common
school district in Mills
County revert back to the
grantors and their assignees?
And another question.

     We are in receipt of your letter of recent date,
reading as follows:

     "A tract of land was deeded to the trustees
of a common school district and their successor in
office for school purposes only. The deed specific-
ally sets forth that in event the trustees fail or
refuse to maintain a school on an adjoining tract of
land the property conveyed by the deed shall revert
back to the grantors.

     "At the present time the trustees of the
school hereinbefore mentioned have contracted with
a neighboring independent school district to teach
children residing within their district. This con-
tract is made for one year at a time only and is made
on the regular form provided by the State Department
of Education for contracts under the Equalization Law.
This school year (1944-1945) is the second successive
year such contract has been made. A school was main-
tained in this district every year since the convey-
ing of the tract of land up to 1943-1944.

     "1. Under circumstances as described above
does this land revert back to grantors and their as-
signs and assignees?

     "2. At the present time may the trustees of
this district legally sell the school building or other
buildings on the tract adjoining the land which was
hereinbefore described?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

73

We do not have a copy of the deedfor examination, nor do we feel that we have sufficient information to pass upon the question of abandonment. You state that the trustees of the common school district have contracted with a neighboring independent school district to teach children residing within their district, and you state further that the contract is made for one year only. We doubt if this fact is sufficient to show that the school property in the common school district has been abandoned for school purposes.

It is entirely possible that the contract with the independent district may not be renewed for another year and, in that event, the common school district would have the children residing in that district taught in the home district. The fact that the law authorizes contracts for one year only would indicate that the Legislature did not intend to cause a district to lose its schoolhouse by reason of making such contract. Section 1 of Article 8 of the Equalization Aid Law reads as follows:

"Upon the agreement of the board of trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent, and the State Superintendent, a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment for one year to an accredited school of higher rank. If the receiving school receives State aid, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district, except those going to the interest and sinking fund shall be credited to the receiving school by the tax collector as collected, and the teacher-pupil quota shall be based on the combined census total. If the receiving school is not a State aid school, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district except those going to the interest and sinking fund shall be credited to the receiving school by the tax collector as collected, and the sending contracting district will be eligible for as much salary aid as is necessary to supplement the State Available and Local Maintenance funds, on the scholastics from the sending district attending a school in the receiving district, to cover the approved cost of instruction per scholastic in the receiving school, pro-

**74**

vided that such approved cost shall not exceed Seven
Dollars and Fifty Cents ($7.50) per month for five
(5) months for high school students or Five Dollars
($5.00) per month for five (5) months for elementary
students."

The above quoted provision does not authorize the
consolidation of the districts, nor does it provide for the
abandonment of school property of the sending district.

Under the facts as we understand them to be, the
trustees of the sending district would not be authorized to
sell the school buildings.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. F. Gibson
Assistant

16 1945

CFG:EP


APPROVED
OPINION
COMMITTEE
BY